FILED

2013 Aug-29  PM 05:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT A. CHANCEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:11-CV-3609-VEH** |
| | ) |
| **FAIRFIELD SOUTHERN CO., INC.** | ) |
| **and UNITED STATES STEEL** | ) |
| **CORPORATION,** | ) |
| | ) |
| **Defendants.** | ) |

---

## MEMORANDUM OPINION AND ORDER

This job discrimination lawsuit arises under the Americans with Disabilities

Act (the "ADA"), as amended in 2008 (the "ADAA"). (Doc. 1). Pending before the

court is Plaintiff Robert Chancey's ("Mr. Chancey") Rule 59(e) Motion To Alter Or

Amend the Final Judgment Order Entered on June 12, 2013 (the "Motion") (Doc. 56)

filed on July 7, 2013. The Motion challenges the court's decision to dismiss Mr.

Chancey's ADAA discrimination claim on summary judgment.[1]  (Docs. 54, 55).

Defendants filed their opposition to the Motion (Doc. 57) on July 24, 2013, and Mr.

Chancey elected not to file any reply.

---

[1] Mr. Chancey does not contest the court's dismissal of his ADAA medical evaluation claim.

For the reasons explained below, the Motion is **DENIED**.

The standards governing Rule 59(e) motions are straightforward:

> [The Eleventh Circuit] review[s] the denial of a Rule 59 motion for abuse of discretion. *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

In his Motion, Mr. Chancey contends "that the determination that Plaintiff's claim is barred due to the application of equitable estoppel contains manifest errors of law and fact, and is due to be vacated." (Doc. 56 at 4). More specifically, Mr. Chancey's objects to this court's extension of the principles recognized by the United States Supreme Court in *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 119 S. Ct. 1597, 143 L. Ed. 2d 966 (1999),[2] arising in the context of a pre-amendment ADA plaintiff who also potentially inconsistently sought social security

---

[2]   While several of the lower court decisions cited by the Supreme Court in *Cleveland* employ estoppel terminology, *see, e.g., id.* at 800-01, 119 S. Ct. 1600-01 (referencing collection of cases from various courts of appeals), the Supreme Court does not ever expressly classify its holding as a defense sounding in equity. *Cf. Cleveland*, 526 U.S. at 807, 119 S. Ct. at 1604 ("Although these cases for the most part involve purely factual contradictions (as to which we do not necessarily endorse these cases, but leave the law as we found it), we believe that a similar insistence upon explanation is warranted here, where the conflict involves a legal conclusion.").

disability benefits, to Mr. Chancey's comparably competing claim for veteran disability benefits.  (*See* Doc. 54 at 21-27 (analyzing *Cleveland* decision, extending application of its holding to Mr. Chancey's contradictory claim for veteran benefits, and concluding, as a result, that Mr. Chancey is unable to satisfy the qualified individual prong of his ADAA discrimination claim)).

The court has reviewed Mr. Chancey's authorities offered in support of his Motion and, for multiple reasons, is unpersuaded to alter its judgment.  First, nowhere does Mr. Chancey set forth a binding decision which establishes that this court committed a manifest error in its application of the doctrine adopted in *Cleveland* to the record before it on summary judgment.  *Cf. Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) ("The petitioner's burden of showing an abuse of discretion is a 'difficult' one" (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 408, 110 S. Ct. 2447, 2462, 110 L. Ed. 2d 359 (1990))).

This court is under no obligation to address Mr. Chancey's underdeveloped attempt to obtain reconsideration by way of alleging, but failing to substantiate, manifest error.  *Cf. Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made

without citation to authority is insufficient to raise an issue before the court).  As the

United States District Court for the Southern District of Alabama has observed:

> "Judges are not like pigs, hunting for truffles buried in briefs." *Smith v.*
> *Secretary, Department of Corrections*, 572 F.3d 1327, 1352 (11th Cir.
> 2009). An issue must be "fairly presented" in order to trigger
> consideration, and a glancing reference without discussion or legal
> authority does not meet that standard. *Id.*  As the Court has previously
> noted, (Doc. 110 at 2), "[t]here is no burden upon the district court to
> distill every potential argument that could be made based upon the
> materials before it on summary judgment." *Resolution Trust Corp. v.*
> *Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

*Amazing Grace Bed & Breakfast v. Blackmun*, No. 09-0298-WS-N, 2011 WL 606126,

at *3 (S.D. Ala. Feb. 11, 2011).  Therefore, akin to *Amazing Grace*, because Mr.

Chancey has not "fairly presented" manifest error in the court's summary judgment

ruling, an exacting review of the Motion's merits by this court is not warranted.

Second, while the court acknowledges that the Eleventh Circuit might disagree

with its persuasive application of *Cleveland* to the circumstances of this lawsuit, it is

this very unsettled status of the law which makes Mr. Chancey's attempt to

demonstrate manifest error on the part of the court dubious at best.  Put differently,

whenever a court is confronting an open question, the contours for measuring whether

a manifest mistake has been made are murky at best.

Third, Mr. Chancey has made no attempt to obtain an amendment of this

court's judgment by following the *Cleveland* framework and offering sufficient

evidence (*e.g.,* by way of deposition testimony, an affidavit, or other persuasive proof) from which a reasonable jury could conclude that Mr. Chancey is able to perform the essential functions of his job despite the apparent contrary representations that he made about his inability to work when seeking and obtaining veteran disability benefits.[3] *See Cleveland*, 526 U.S. at 807, 119 S. Ct. at 1604 ("To defeat summary judgment, that explanation must be sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good-faith belief in, the earlier statement, the plaintiff could nonetheless 'perform the essential functions' of her job, with or without 'reasonable accommodation.'").

For example, while Mr. Chancey suggests that the court erred because "there is no evidentiary basis for establishing without inference that Plaintiff was seeking full disability benefits, [and, as a result,] no such burden should have been imposed upon Plaintiff[,]" (Doc. 56 at 7), he offers <u>no proof</u> which substantiates his intent that he only desired to obtain partial benefits when he applied for disability.[4] *Cf.*

---

[3]   The court notes that, in opposing summary judgment, Mr. Chancey also could have provided a more developed response to the possible application of *Cleveland*.

[4]   The court further points out that *Cleveland* embraces the use of its holding whenever the record reveals "any apparent inconsistency" on the part of the plaintiff that implicates an essential element of his claim and does not require a more exacting "without inference" test as Mr. Chancey proclaims. *See Cleveland*, 526 U.S. at 807, 119 S. Ct. at 1604 ("When faced with a plaintiff's previous sworn statement asserting 'total disability' or the like, the court should require an explanation of <u>any apparent inconsistency</u> with the necessary elements of an ADA claim.") (emphasis added); *see also id.* at 806, 119 S. Ct. at 1603 ("For that reason, we hold that an ADA plaintiff cannot simply ignore the <u>apparent</u> contradiction that arises out of the earlier SSDI total

*Cleveland*, 526 U.S. at 807, 119 S. Ct. at 1604 ("The parties should have the opportunity in the trial court to present, or to contest, these explanations, <u>in sworn form where appropriate</u>.") (emphasis added).   In other words, consistent with the framework formulated in *Cleveland* and persuasively applied here, Mr. Chancey could have, in conjunction with his Motion, sought leave to file in new evidence clarifying his prior intent or otherwise addressing the apparent contradiction that he has created regarding his ability to perform the essential functions of his position in light of his veteran disability application and benefits.

However, Mr. Chancey instead inadequately relies <u>only</u> upon arguments from his counsel in an effort to persuade this court that he has done nothing inconsistent and, to the extent he has, that "[he] has provided an adequate explanation for that inconsistency." (Doc. 56 at 13); *see also Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980) ("Statements by counsel in briefs are not evidence.").[5] Alternatively, insofar as Mr. Chancey relies upon his counsel's argumentative points to satisfy his explanatory burden under *Cleveland*, those contentions are insufficient

_____

disability claim.") (emphasis added).  Here, because Mr. Chancey's undisputed application for and actual receipt of veteran disability benefits satisfies the "any apparent inconsistency" standard, he "cannot simply ignore" their factual existence, but instead must offer sufficient proof to explain the diverging positions on his ability to perform the essential functions of his job.

[5]  *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

to provide a reasonable jury with grounds to conclude that he meets the qualified individual prong of his ADAA claim, despite his veteran benefits application and subsequent disability rating of 50%.

Thus, the court's prior ruling on summary judgment is **HEREBY AMPLIFIED** as set forth in this memorandum opinion and order, but the Motion is **DENIED**.

**DONE** and **ORDERED** this the 29th day of August, 2013.

                                              _____

**VIRGINIA EMERSON HOPKINS**
United States District Judge